UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

REGINA LOWTHER,

                          Plaintiff,

              -against-

WESTHAB, INC.,

                          Defendant.

25-CV-8058 (JGLC)

**NOTICE OF REASSIGNMENT**

JESSICA G. L. CLARKE, United States District Judge:

This case, involving claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, has been reassigned to the undersigned. Unless and until the Court orders otherwise, all dates and deadlines shall remain in effect notwithstanding the case's reassignment. Additionally, counsel for all parties shall appear for an initial pretrial conference with the Court on **January 22, 2026 at 4:00 PM.** The conference will be held remotely by Microsoft Teams. Counsel will receive Microsoft Teams log-in credentials at the email addresses listed on the docket. The public listen-only line may be accessed by dialing: 646-453-4442 | Access Code: 794087878#.

In accordance with Paragraph 3(c) of the Court's Individual Rules and Practices, the parties are hereby ORDERED to file on ECF a joint letter, described below, as well as a proposed Civil Case Management Plan and Scheduling Order attached as an exhibit to the joint letter, no later than **January 15, 2026**. The parties shall use this Court's form Proposed Civil Case Management Plan and Scheduling Order, which is available at https://nysd.uscourts.gov/hon-jessica-g-l-clarke.

The joint letter shall not exceed five pages, and shall provide the following information in separate paragraphs:

(1)    A statement indicating whether the parties believe they can do without an initial pretrial conference altogether. If so, the Court may enter a case management plan and scheduling order and the parties need not appear;

(2)    A brief statement of the nature of the action and the principal defenses thereto, and the major legal and factual issues that are most important to resolving the case, whether by trial, settlement or dispositive motion;

(3)    A brief explanation of why jurisdiction and venue lie in this Court. In any action in which subject matter jurisdiction is founded on diversity of citizenship pursuant to Title 28, United States Code, Section 1332, the letter must explain the basis for the parties' belief that diversity of citizenship exists. Where any party is a corporation, the letter shall state both the place of incorporation and the principal place of business. In cases where any party is a partnership, limited partnership, limited liability company or trust, the letter shall state the citizenship of each of

the entity's members, shareholders, partners, and/or trustees. *See, e.g.*, *Handelsman v. Bedford Vill. Assocs. L.P.*, 213 F.3d 48 (2d Cir. 2000). If this information is lengthy, it may be included in an Appendix to the letter, not to be included in the page limit;

(4)     A statement of all existing deadlines, due dates and/or cut-off dates;

(5)     A brief description of any outstanding motions;

(6)     A brief statement of whether Plaintiff intends to move for preliminary certification of a collective action and, if so, a proposed briefing schedule for such a motion. If Plaintiff does intend to move for preliminary certification, counsel shall confer in advance of the initial pretrial conference with respect to whether Defendant would be willing to consent to preliminary certification, mindful of the fact that the standard for preliminary certification is relatively low and that, after discovery (when the standard is higher), Defendant may move for decertification. *See, e.g.*, *Davis v. Abercrombie & Fitch Co.*, No. 08 Civ. 1859 (PKC), 2008 WL 4702840, at *10 (S.D.N.Y. Oct. 23, 2008).

(7)     A brief description of any discovery that has already taken place and of any discovery that is necessary for the parties to engage in meaningful settlement negotiations;

(8)     A brief description of the status of prior settlement discussions, without disclosing exact offers and demands; and

(9)     Any other information that the parties believe may assist the Court in advancing the case to settlement or trial, including, but not limited to, a description of any dispositive issue or novel issue raised by the case.

If this case has been settled or otherwise terminated, counsel are not required to submit such a letter or to appear, provided that a stipulation of discontinuance, voluntary dismissal or other proof of termination is filed on the docket prior to the date of the conference, using the appropriate ECF Filing Event. *See* SDNY ECF Rules & Instructions §§ 13.17-13.19 & App'x A, *available at* https://www.nysd.uscourts.gov/electronic-case-filing .

In accordance with the Court's Individual Rules and Practices, requests for an extension or adjournment may be made only by letter-motion filed on ECF and must be received at least 48 hours before the deadline or conference. The written submission must state (1) the original date and the new date requested; (2) the number of previous requests for adjournment or extension; (3) whether these previous requests were granted or denied; (4) the reason for the extension or adjournment; (5) whether the adversary consents and, if not, the reasons given by the adversary for refusal to consent; and (6) to the extent applicable, the date of the parties' next scheduled appearance before the Court. Unless counsel are notified that the conference has been adjourned, it will be held as scheduled.

The parties are reminded that, in most cases, settlements of claims under the FLSA must be filed publicly and scrutinized by the Court to ensure that they are fair. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015); *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d

2

332 (S.D.N.Y. 2012) (discussing factors to be considered in evaluating the fairness and reasonableness of a proposed FLSA settlement and the reasonableness of a proposed attorney's fee award and addressing whether a FLSA settlement agreement can remain confidential). In light of that, the parties are likely to have two options in the event that they reach a settlement. First, they could submit the settlement agreement to the Court along with a joint letter explaining the basis for the proposed settlement and why it should be approved as fair and reasonable, with reference to the factors discussed in *Wolinsky*. *See* 900 F. Supp. 2d at 335–36. (Any such letter should also address, if applicable, any incentive payments to Plaintiff and any attorney's fee award to Plaintiff's counsel, with documentation to support the latter, if appropriate.) Second, the parties may consent to proceed for all purposes before the assigned Magistrate Judge (the appropriate form for which is available at https://www.nysd.uscourts.gov/forms/consent-proceed-us-magistrate-judge), in which case the assigned Magistrate Judge would decide whether to approve the settlement. If the parties reach a settlement with the assistance of the assigned Magistrate Judge, the latter option may be the more efficient.

Dated: December 18, 2025
New York, New York

SO ORDERED.

JESSICA G. L. CLARKE
United States District Judge

3