KAUFMAN DOLOWICH

Kaufman Dolowich LLP
245 Main Street, Suite 330
White Plains, NY 10601

Telephone: 914.470.0001
Facsimile: 914.470.0009

www.kaufmandolowich.com

**Alexandra L. Robins**
Email: srobins@kaufmandolowich.com

August 13, 2026

MEMO ENDORSED

Via ECF
Hon. Jessica G. L. Clarke, United States District Judge
Southern District of New York

Re: 7:25-cv-08058-JGLC, Regina Lowther v. Westhab, Inc.

Dear Judge Clarke:

We represent Defendant Westhab, Inc., in this action. We write jointly with counsel for Plaintiff for two reasons: (1) to request clarification about regarding the Court's order in connection with the Initial Conference on January 22, 2026, and (2) for a brief extension of the deadline for fact discovery.

The Complaint asserts two kinds of claims, wage-related claims under state and federal law and discrimination-related claims under state and city law. On November 13, 2025, Defendant moved to dismiss the discrimination claims [Doc 11] for lack of subject matter jurisdiction, arguing that there was no federal question and the state and city discrimination claims did not form a part of the same case or controversy as the wage claims. Plaintiff opposed the motion [Doc 15]. At the Initial Conference on January 22, 2026, Defendant requested that the Court stay discovery on the discrimination claims only, due to Defendant's pending motion regarding subject matter jurisdiction. Defendant's recollection is that the Court stayed discovery on the discrimination claims. No ruling on this application appeared in the Court's written order of January 23, 2026, but the undersigned discussed the stay with Plaintiff's attorney who had appeared at the conference, who agreed that discovery on the discrimination claims was stayed.

Subsequently, the attorney who attended the Initial Conference on Plaintiff's behalf left Plaintiff's counsel's law firm. The parties now realize that they had been operating with differing understandings regarding the scope of active discovery, and as such request guidance from the Court on how to proceed so that both counsel can be sure they are preserving their client's rights. We can order a transcript of the Initial Conference, but are trying to be mindful of fact discovery deadlines. We would also accept a new ruling from the Court on this issue, or some other thing as the Court may direct.

Additionally, the parties jointly request an extension of 30 days for fact discovery. The current deadline is August 22, 2026. The reason for the request is that the convenience of all parties and witnesses favored scheduling depositions in September as opposed to August. The parties are prepared to move forward with party depositions on September 10, 2026 and September 17, 2026 pending the Court's approval. This is the first request for such extension.

Respectfully, /s/ Alexandra L. Robins

C: All Parties via ECF

Application GRANTED. The Court HEREBY EXTENDS the deadline for fact discovery to September 21, 2026, and will issue an Amended Case Management Plan and Scheduling Order ("CMP") to that effect. The deadline for expert discovery remains the same. Any further extension requests regarding discovery MUST be accompanied by a proposed Amended CMP, as required by the Court's Individual Rules.

Additionally, during the January 22, 2026 initial pretrial conference, per the parties' consent, the Court stayed discovery on Plaintiff's claims under the New York City Human Rights Law and the New York City Human Rights Law. If applicable, discovery on these claims shall move forward following the Court's decision on the pending Motion to Dismiss.

SO ORDERED.

Jessica Clarke

JESSICA G. L. CLARKE
United States District Judge

Dated: August 24, 2026
White Plains, New York